# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM LEONHAUSER,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 4:05-0305** |
| V. | : | **(CALDWELL, D.J.)** |
| | | **(MANNION, M.J.)** |
| **SCI SMITHFIELD, JOHN A. PALAKOVICH, DR. RONALD LONG,** | : | |
| | : | |
| **Defendants** | : | |

## REPORT AND RECOMMENDATION

Before the court is a motion to dismiss the plaintiff's complaint with respect to defendant Palakovich. (Doc. No. 16.)

## I. Procedural History

Plaintiff Leonhauser, an inmate at the State Correctional Institution at Smithfield ("SCI-Smithfield"), Huntington, Pennsylvania, commenced this action on February 11, 2005, by filing what he claimed was a petition for writ of habeas corpus. (Doc. No. 1). On February 16, 2005, the plaintiff filed another petition, again titled writ of habeas corpus, that repeated the allegations in the original petition. The plaintiff seeks relief from allegedly cruel and abusive treatment in violation of his constitutional rights under the First, Sixth, Eighth, and Fourteenth Amendments. (Doc. No. 1). Because of

the nature of the allegations and the redundancy of the two petitions, this court on March 15, 2005, ordered the two petitions be consolidated into a single action.  Because the petitioner did not challenge the fact or duration of his confinement, but rather the condition of that confinement, the court considered this a civil rights action under 42 U.S.C. § 1983.  (Doc. No. 5).

On March 24, 2005, and on April 7, 2005, the plaintiff filed the application to proceed in forma pauperis and authorization form.[1]  (Doc. Nos. 6 & 7).  The court issued a financial administrative order on April 21, 2005. (Doc. No. 12). The court ordered that process issue on March 29, 2005. (Doc. No. 8).

Defendant Palakovich filed a waiver of service of summons on April 29, 2005, and his answer was due on May 31, 2005.  (Doc. No. 15).  Instead of an answer, defendant Palakovich filed a motion to dismiss the plaintiff's complaint on May 18, 2005, and a supporting brief the following day.  (Doc. Nos. 16 & 17).  The plaintiff filed what he titled as "Plaintiff's objection to defendant's motion to dismiss plaintiff's complaint" together with his supporting brief on June 6, 2005.  (Doc. Nos. 18 & 19).

---

[1]Because the filing fee for a habeas corpus petition is different from the fee for a civil rights action, the plaintiff was required to reapply to proceed in forma pauperis and file the correct authorization form to be used in a civil rights action.

**II.     Standard of Review**

Defendant Palakovich's motion to dismiss is brought pursuant to provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can granted. Dismissal should only occur where it appears that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Accordingly, dismissal is appropriate "only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." Trump Hotel and Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998) (citing ALA, Inc. v. CCair, Inc., 29 F.3d 855, 859 (3d Cir. 1994)).

In deciding a motion to dismiss, the court should generally consider only the allegations contained in the complaint, the exhibits attached to the complaint, matters of public record, and "undisputably authentic" documents that plaintiff has identified as the basis of his claim. See Pension Benefit Guarantee Corp. v. White Consolidated Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

When considering a motion to dismiss under Rule 12(b)(6), the important inquiry is not whether the plaintiff will ultimately prevail on the merits

3

of his claim, but only whether he is entitled to offer evidence in support of them. Scheuer v. Rhodes, 416 U.S. 233, 236 (1974).

**III.    Discussion**.

The plaintiff's argument for defendant Palakovich's liability is premised upon defendant Palakovich's knowledge of and failure to respond to his alleged cruel and abusive treatment by defendant Long.  The plaintiff suffers from Parkinson's disease.  He takes medication for the condition, but his mobility is limited.  On January 3, 2005, the plaintiff suffered paralysis of the legs and was transferred to the infirmary at SCI-Smithfield, where he claims his "nightmare now began in full." The Chief Medical Officer at SCI-Smithfield, defendant Long, allegedly sought to have the plaintiff undergo experimental treatment.  The plaintiff refused consent, but alleges that defendant Long nonetheless changed the doses and types of the plaintiff's medication such that he was "overdosed."  Defendant Long allegedly retaliated against the plaintiff for the plaintiff's refusal to consent to experimental treatment by being denied showers or even medication.  (Doc. No. 1).

In addition, the plaintiff alleges that he was unnecessarily confined to the infirmary and could not leave his room except to shower.  He "was not permitted any access to any activities, such as church services, library, law library, telephone calls, visits, outside yard, commissary or access to any

4

court, nor have any of [his] property." (Doc. No. 1).

The plaintiff allegedly has attempted to have himself transferred to another State Correctional Institution that he believes has the staff and facilities to care for Parkinson's disease patients. The transfer has not been authorized, which the plaintiff seems to insinuate is because of obstruction by the SCI-Smithfield medical staff. (Doc. No. 1).

As a result of the foregoing treatment, the plaintiff argues that his constitutional rights have been violated. He is seeking a temporary restraining order prohibiting the defendants from continuing the allegedly abusive treatment until the legal issues are resolved. The plaintiff further seeks an order removing him from SCI-Smithfield to any other appropriate State Correctional Institution, as well as damages. (Doc. No. 1).

The plaintiff contends that defendant Palakovich is liable because he informed defendant Palakovich, the Superintendent of SCI-Smithfield, of his mistreatment and defendant Palakovich took no action in response to his complaint. Each of the plaintiff's complaints makes one mention of defendant Palakovich. In the initial complaint, the plaintiff alleges that defendants Palakovich and Long informed him that a staff member had requested an emergency transfer to another State Correctional Institution. (Doc. No. 1). In the second complaint, the plaintiff alleges that he informed defendant Palakovich that defendant Long was "over-dosing" him. (Doc. No. 1, Civil

5

Action No. 05-0328). According to the plaintiff, defendant Palakovich knew of the violations of his constitutional rights and failed to fulfill his duty to remedy the abuse. (Doc. No. 19).

In his motion to dismiss, defendant Palakovich raises two grounds for dismissal: First, the plaintiff has failed to allege that defendant Palakovich had personal involvement in the events underlying his complaint. Second, the plaintiff has failed to exhaust administrative remedies. (Doc. No. 19).

Defendant Palakovich's first ground for dismissal should be denied because, viewing the allegations in the complaint as true, he was personally involved in the events underlying the plaintiff's complaint. To state a claim under §1983, the plaintiff must show that the defendant, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. §1983; Morse v. Lower Merion School Dist., 132 F.3d 902 (3d Cir. 1997); Maine v. Thiboutot, 448 U.S. 1 (1980). Liability under §1983 is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or actual knowledge and acquiescence. Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997) (citing Rhode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)).

Moreover, relief cannot be granted against a defendant pursuant to §1983 based solely on the theory of respondeat superior or the fact that the

defendant was the supervisor or superior of the person whose conduct actually deprived the plaintiff of one of his federally protected rights under color of state law.  Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976); Goode v. Rizzo, 506 F.2d 542, 550 (3d Cir. 1974), rev'd on other grounds, Rizzo v. Goode, 423 U.S. 362 (1976).

Until recently, non-medical prison personnel could not be held liable under §1983 for failing to respond to a prisoner's complaint concerning the prisoner's medical treatment.  Durmer v. O'Carroll, 991 F.2d 64 (3d Cir. 1993). Such personnel are "justified in believing that the prisoner is in capable hands" because they are not responsible for medical treatment.  Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004).  However, this rule has been limited.  Id.  Now, non-medical prison personnel may be liable if they had "a reason to believe (or actual knowledge)" of the prisoner's mistreatment.  Id.

In his complaint, the plaintiff makes scant mention of defendant Palakovich, however, as noted above, in evaluating a motion to dismiss, the plaintiff's allegations must be assumed to be true; moreover, complaints from pro se prisoners "should be construed liberally," Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004).  Consequently, by alleging that he complained to defendant Palakovich about defendant Long "over-dosing" him, the plaintiff has sufficiently alleged defendant Palakovich's personal involvement.

7

Defendant Palakovich allegedly had reason to know that the plaintiff was being mistreated. Defendant Palakovich's motion to dismiss should be denied, at this time, with respect to the first ground.

Defendant Palakovich's second ground for dismissal is premature for a motion to dismiss and cannot be granted on this ground. The Third Circuit has held that failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. Ray v. Kertes, 285 F.3d 287, 293 n.5 (3d Cir. 2002). Moreover, the Third Circuit has found that dismissal of a plaintiff's claims for failure to exhaust on a motion to dismiss, rather than on a motion for summary judgment, was improper where there was insufficient evidence without discovery to conclude that plaintiff had failed to exhaust. See Brown v. Croak, 312 F.3d 109 (3d Cir. 2002); see also Greer v. Smith, 59 Fed. Appx. 491 (3d Cir. (Pa.)) (where the defendants submit materials outside of the pleadings in conjunction with an exhaustion defense, the court must convert the motion to one for summary judgment) (emphasis added).

Here, in arguing that the plaintiff's complaint should be dismissed for his failure to exhaust administrative remedies, defendant Palakovich has relied on materials outside of the pleadings. As such, the court cannot consider defendant Palakovich's argument without first converting the motion to one for summary judgment and allowing the plaintiff an opportunity for discovery.

8

Therefore, defendant Palakovich's motion to dismiss should be denied without prejudice to refiling as a motion for summary judgment, following a period of discovery, with respect to his claim that the plaintiff has failed to exhaust administrative remedies.

**IV. Conclusion**.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

defendant Palakovich's motion to dismiss the plaintiff's complaint (**Doc. No. 16**) be **DENIED**.

S/ Malachy E. Mannion
MALACHY E. MANNION
United States Magistrate Judge

**Date: February 7, 2006**

O:\shared\REPORTS\2005 Reports\05-0305.01.wpd