**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM LEONHAUSER,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 1:05-0305** |
| v. | : | **(CALDWELL, D.J.)** |
| | | **(MANNION, M.J.)** |
| **SCI SMITHFIELD, JOHN A. PALAKOVICH, DR. LONG, & ATTORNEY GENERAL OF PENNSYLVANIA,** | : : | |
| | : | |
| **Defendants** | | |

## REPORT AND RECOMMENDATION

Before the court are defendant Palakovich's motion for summary judgment (Doc. No. 39) and defendant Long's motion for summary judgment (Doc. No. 40). For the following reasons, the court recommends that both motions be granted and judgment be entered in favor of the defendants.

**I.   Procedural History**

The *pro se* and *in forma pauperis* plaintiff, an inmate at the State Correctional Institution at Smithfield ("SCI-Smithfield"), in Huntington, Pennsylvania, commenced this action on February 11, 2005, by filing what he styled as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) On February 16, 2005, the plaintiff commenced a second action at Civ. No. 05-328 by filing what he styled as a petition for writ of habeas corpus, which repeated the allegations in the petition at Civ. No. 05-305. (Civ. No. 05-328, Doc. No. 1.) The court reviewed the pleadings and found that

they alleged identical civil rights violations. Accordingly, the court ordered the cases consolidated into this case, Civ. No. 05-305, and construed the action as a civil rights suit pursuant to 42 U.S.C. § 1983. (Doc. No. 5.)

The defendants are John A. Palakovich, SCI-Smithfield's superintendent, and Ronald Long, SCI-Smithfield's chief medical officer. As indicated by the caption, the attorney general of Pennsylvania and SCI-Smithfield are also identified as defendants. The attorney general was added pursuant to the Clerk of Court's practice of identifying him as a party to all habeas cases. When the case was properly construed as a § 1983 case, he was inadvertently not removed. Accordingly, the court recommends that the attorney general be dismissed from the case as improperly identified as a defendant. Having reviewed the complaint, the court is uncertain as to how SCI-Smithfield was identified as a defendant. In any case, a prison is not amenable to suit under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 70 (1989) (states and their derivative entities are not persons subject to suit under § 1983); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, n.54 (1978) (same); *see Meyers v. Schuylkill County Prison*, 2006 WL 559467, at *8-*9 (M.D. Pa. 2006) (not reported) (collecting cases on issue). Accordingly, the court recommends that SCI-Smithfield be dismissed from the case as an improper party.

The plaintiff alleges that the defendants have violated his rights under the First, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution,

2

as well as the the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.* Allegedly, the defendants provided inadequate or improper medical care and denied him access to "any activities, such as church services, library, law library, telephone calls, visits, outside yard, commissary, or access to any court, nor have any of my property." (Doc. No. 1 at ¶ 7(C).)

On April 13, 2005, the plaintiff submitted a supplement to his complaint. (Doc. No. 10.) In the supplement, he admits that he did not exhaust administrative remedies with respect to the allegations raised here. He contends he "[w]as not permitted to have Grievance Application." (Doc. No. 10 at II(D).) He reiterates the allegations raised in the complaint and adds that he was forced to remain in isolation in the infirmary, without proper hygiene and sanitation.

Defendant Palakovich appeared on April 27, 2005. (Doc. No. 14.) By way of response, he moved to dismiss the complaint on May 18, 2005, on the grounds that defendant Palakovich was not personally involved in the alleged constitutional violations and the plaintiff had failed to exhaust administrative remedies. (Doc. No. 16.) On March 13, 2006, the district judge adopted the undersigned's report and recommendation, which recommended that the motion be denied because, under the standard for a motion to dismiss, the plaintiff had sufficiently alleged defendant Palakovich's personal involvement and failure to exhaust is generally an inappropriate basis on which to grant a motion to dismiss. (Doc. Nos. 31 & 32.)

Defendant Long appeared on September 28, 2005. (Doc. No. 20.) He answered the complaint on December 19, 2005. (Doc. No. 30.)

After time for discovery, defendant Palakovich moved for summary judgment on October 17, 2006. (Doc. No. 39.) He submitted a brief in support of the motion, exhibits, and a statement of facts on October 25, 2006. (Doc. Nos. 41, 42, & 43.) He contends that the plaintiff has failed to exhaust administrative remedies and SCI-Smithfield is not amenable to suit under §1983.

Defendant Long moved for summary judgment and submitted a supporting brief and exhibits on October 23, 2006. (Doc. No. 40.) He contends that the plaintiff failed to exhaust administrative remedies and he did not violate the plaintiff's right to adequate medical care.

The plaintiff has failed to submit a brief in opposition to either motion. Although the motions are, therefore, unopposed, the court will conduct a merits review to ensure that summary judgment is "appropriate." FED. R. CIV. P. 56(e); *see Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 174-75 (3d Cir. 1990) (notwithstanding local rule allowing unopposed motions to be deemed conceded, court must ensure summary judgment is appropriate).

The defendants having fully briefed their motions and the time for the plaintiff to oppose them having run, the motions are ripe for disposition. Because both defendants argue that the plaintiff failed to exhaust

4

administrative remedies and the court finds the argument correct, the court will address only that issue. It will not address the substantive arguments raised in the motions. The court has jurisdiction under 28 U.S.C. § 1331.

## II.   Standard of Review

The defendants have moved for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). Summary judgment is appropriate when the pleadings and any supporting materials, such as affidavits and other documentation, show that there are no material issues of fact to be resolved and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). Federal Rule of Civil Procedure 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Furthermore, "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. at 324; *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *Pastore v. Bell Tel. Co. of Pennsylvania*, 24 F.3d 508, 511 (3d Cir. 1994) (quoting *Harter v. GAF Corp.*, 967 F.2d 846, 852 (3d Cir. 1992)). The

party moving for summary judgment bears the burden of showing the absence of a genuine issue of any material fact, but the nonmoving party must adduce more than a mere scintilla of evidence in its favor and cannot simply reassert factually unsupported allegations contained in the pleadings. *Celotex Corp.*, 477 U.S. at 323, 325; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 248-52 (1986); *Young v. Quinlan*, 960 F.2d 351, 357 (3d Cir. 1992).

To determine whether the nonmoving party has met its burden, the court must focus on both the genuineness and the materiality of the factual issues raised by the nonmovant. "[T]he mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." *Anderson*, 477 U.S. at 242, 247-48 (emphasis in original). A dispute is genuine if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. <u>Id.</u> at 250. A disputed fact is material when it could affect the outcome of the suit under the governing substantive law. <u>Id.</u> at 248. If the court determines that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). All inferences, however, "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must

be taken as true." *Pastore*, 24 F.3d at 512 (quoting *Big Apple BMW, Inc. v. BMW of N. America, Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

## III. Factual Background

Because the plaintiff has not opposed the defendants' motions, he has, of course, failed to comply with Local Rule of Court 56.1, which requires a party opposing a motion for summary judgment to submit a counter-statement of material facts. Likewise, defendant Long has failed to comply with Local Rule 56.1 by submitting a statement of facts in support of his motion. Defendant Palakovich is the only party who has complied with Local Rule 56.1. Because both defendants raise the same grounds for summary judgment–the plaintiff's failure to exhaust remedies–and the factual basis of the claims is identical, the court will accept defendant Palakovich's statement of facts to the extent it is supported by the record. *See Anchorage*, 922 F.2d at 175-76 & n.7 (a rule such as Local Rule 56.1 "can and should be construed as effecting a waiver of the opponent's right to controvert the facts asserted by the moving party in the motion for summary judgment or the supporting material accompanying it"); *Novak v. Lackawanna County Prison*, No. 05-CV-0213, 2006 WL 2709745, slip op. at *2 (M.D. Pa. Sept. 20, 2006). The court has compiled the following facts by which to assess the motion for summary judgment.

State law requires the Pennsylvania Department of Corrections ("DOC")

to provide inmates with a grievance system. 37 PA. CODE § 93.9 (2007). To implement the law, the DOC has issued a policy statement establishing a grievance system. Inmate Grievance System, Policy No. DC-ADM 804 (Pa. DOC, effective Jan. 3, 2005) ("DC-ADM 804"). DC-ADM 804 provides that "every individual committed to its custody shall have access to a formal procedure through which the resolution of problems or other issues of concern arising during the course of confinement may be sought." *Id.* at § V.

The grievance system comprises a three-step formal process. First, the inmate must submit form DC-804, Part 1 to the facility grievance coordinator within fifteen working days of the date the problem arose. *Id.* at § VI(A)(6), (8). The coordinator enters the grievance into the automated inmate grievance tracking system, through which it is tracked during the entire process, and assigns a staff member to serve as the grievance officer. *Id.* at § VI(B)(1), (5). The officer initially reviews and responds to the grievance within ten working days, subject to the coordinator's approval of the response. *Id.* at § VI(B)(&), (9). Second, the inmate may intermediately appeal the officer's response to the facility manager, *i.e.*, in this case, the superintendent, within ten working days. *Id.* at § VI(C)(1)(b). The manager must respond within ten working days. *Id.* at § VI(C)(2)(b). Third, the inmate may finally appeal the manager's decision within fifteen working days to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA"). *Id.* at § VI(D)(1)(b). The SOIGA must respond to the final appeal within thirty working days. *Id.* at

§VI(D)(2)(f).

Defendant Palakovich has submitted a declaration from Sharon Burks, SOIGA's chief grievance coordinator. (Doc. No. 42, ex. 1.) Her duties

> include reviewing and responding to inmate correspondence; reviewing grievance appeals to make sure that they are in accordance with DC-ADM 804; informing inmates of what needs to be done to their appeals, so that the appeal can be accepted to final review; and reviewing all documentation to determine final disposition of the inmate's appeal.

(Doc. No. 43 at ¶ 3.) Ms. Burks reviewed the tracking system to determine whether the plaintiff took to final appeal any grievances pertaining to the claims raised in the instant action. (Doc. No. 43 at ¶ 4.) She determined that the plaintiff has filed eleven grievances at SCI Smithfield. (Doc. No. 43 at ¶ 5.) But the plaintiff has failed to take any of the grievances to final appeal. (Doc. No. 43 at ¶ 6.)

Defendant Palakovich also submitted a declaration from Lisa Hollibaugh, his assistant, one of whose "job responsibilities is to maintain a record of the grievances filed by inmates." (Doc. No. 43 at ¶¶ 8, 9.) Similar to Ms. Burks's review, Ms. Hollibaugh determined that the plaintiff has filed eleven grievances at SCI-Smithfield, and that none of them has been taken to final review. (Doc. No. 43 ¶¶ 12-34 (discussing each grievance).) Indeed, the earliest of the plaintiff's grievances was only filed on May 29, 2005, after the instant action was filed. (Doc. No. 43 at ¶ 28.)

Defendant Palakovich submitted a declaration from Kenneth Zimmerman, a corrections counselor in the plaintiff's housing unit at SCI-

9

Smithfield.  (Doc. No. 43 at ¶ 38.)  One of Mr. Zimmerman's "duties as a Corrections Counselor in a housing unit is to respond to inmates' complaints concerning difficulties that they are experiencing." (Doc. No. 43 at ¶ 39.)  He reviewed the plaintiff's record and determined that the plaintiff has never submitted a request slip "complaining of not being able to file a grievance." (Doc. No. 43 at ¶ 41.)  "Mr Leonhauser never communicated to Counselor Zimmerman in any manner that he was unable to file a grievance, that a staff member was preventing him from filing a grievance, or that he was having difficulty in filing a grievance."  (Doc. No. 43 at ¶ 42.)  In fact, the plaintiff's "records indicate that he never communicated to anyone in any manner that he was unable to file a grievance, that a staff member was preventing him from filing a grievance, or that he was having difficulty in filing a grievance." (Doc. No. 43 at ¶ 43.)  Likewise, no corrections officer indicated to Mr. Zimmerman that the plaintiff had any difficulties filing a grievance.  (Doc. No. 43 at ¶ 45.)

## IV.  Discussion

The Prison Litigation Reform Act of 1995 ("PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  "There is no question that exhaustion

is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, – U.S. –, 127 S.Ct. 910, 918-19 (Jan. 22, 2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)); *accord*, *Nyhuis v. Reno*, 204 F.3d 65, 78 n.12 (3d Cir. 2000). Exhaustion is an affirmative defense and is determined separately for each claim. Id. at 919, 925-26.

"[T]he PLRA exhaustion requirement requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. –, 126 S.Ct. 2378, 2387 (2006). Proper exhaustion requires a prisoner to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* at 2384; *see id.* at 2386 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."). The "applicable procedural rules" against which exhaustion is measured are the grievance rules established by the prison. *Jones*, 127 S.Ct. at 922-23; *see Spruill v. Gillis*, 372 F.3d 218, 231 (3d Cir. 2004) ("[P]rison grievance procedures supply the yardstick for measuring procedural default.").

Having reviewed the record submitted to the court by the defendants, it is clear that the plaintiff failed to exhaust administrative remedies. There is no evidence whatsoever to indicate that the plaintiff filed any grievance concerning the claims raised here and pursued that grievance to final appeal

11

to the SOIGA. Indeed, the only evidence indicates that the plaintiff never filed any grievance until after he commenced the instant action. Nor is there any evidence to support the plaintiff's bald assertion that prison staff prevented him from filing a grievance. Certainly, the plaintiff appeared to have no difficulty filing a grievance beginning in May 2005. Accordingly, the court finds that there is no genuine issue of material fact that the plaintiff failed to exhaust his administrative remedies in accordance with the PLRA and recommends that the defendants' motions for summary judgment be granted and judgment be entered for the defendants.

**V.   Conclusion**

On the basis of the foregoing, **IT IS RECOMMENDED THAT**:

(1).   the Attorney General of Pennsylvania be dismissed from the action because he was improperly identified as a defendant;

(2).   SCI-Smithfield be dismissed from the action because it is not a person and, therefore, not amenable to suit under § 1983;

(3).   defendant Palakovich's motion for summary judgment (Doc. No. 39) be **GRANTED** and judgment be entered for him because of the plaintiff's failure to exhaust administrative remedies; and,

(4).    defendant Long's motion for summary judgment (Doc. No. 40) be **GRANTED** and judgment be entered for him because of the plaintiff's failure to exhaust administrative remedies.


                                            s/ *Malachy E. Mannion*
                                            **MALACHY E. MANNION**
                                            **United States Magistrate Judge**

Date: July 13, 2007
O:\shared\REPORTS\2005 Reports\05-0305.02.wpd